# UNITED STATES DISTRICT COURT
## Middle District of Florida
### ORLANDO DIVISION

| | |
|---|---|
| MATTHEW DORY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED AIRLINES, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 6:22-cv-01496 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff, Matthew Dory, submits the following Response to Defendants' Motion to Dismiss the Amended Complaint. For the reasons set forth below, Plaintiff requests that this Court deny the Motion to Dismiss in its entirety.

### I.  Defendant Fails to Meet the Motion to Dismiss Standard.

Defendant seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) based on the assertion of a statute of limitations claim. A motion to dismiss, pursuant to Rule 12(b)(6) is a motion attacking the legal sufficiency of a complaint. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. In addition, all reasonable inferences should be drawn in favor of the plaintiff. *Haddad v. Dudek*, 784 F.Supp.2d 1308, 1313-14 (M.D. Fla. 2011). A Rule 12(b)(6) motion to dismiss on

1

statute of limitations grounds may be granted *only if it is apparent from the face of the complaint that the claim is time-barred*. See *Lesti v. Wells Fargo Bank, N.A.*, 960 F.Supp.2d 1311, 1316-17 (M.D. Fla. 2013).

Plaintiff's claims are not time-barred. Much less is it "apparent from the face of the complaint" that they are. In fact, on the face of Plaintiff's Complaint is clearly written:

> Plaintiff filed a Charge of Discrimination on September 1, 2021 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), within 300 days of the date of the adverse actions for which recovery is sought that is complained of herein (the earliest of which occurred on July 10, 2020). Plaintiff re-filed the Charge on October 2, 2021, within 300 days of the date of the adverse actions complained of herein. [Here Plaintiff attached the Charge as an Exhibit.]
> In its Position Statement to the EEOC, Defendant contended that the final date of adverse action was September 10, 2020, the date United Airlines sent a "termination letter" to Plaintiff. As Plaintiff noted to the EEOC, however, this was not the actual date of termination but the opening of negotiations. Plaintiff contends that the actual final date of adverse action was March 30, 2021, the date of Plaintiff's actual termination and the end of negotiations between Plaintiff and Defendant.
> Dory received the Notice of Right to Sue from the EEOC on June 08, 2022; which Notice was dated 25 May 2022. Exhibit A. Therefore, this suit is timely filed within the 90 days allowed from the receipt of this right to sue letter.

(Doc. 7, p.2, FN. 1). At the very least, this is a matter of contention suited for trial, not an undisputed matter fit for a Motion to Dismiss.

Defendant spends nearly three pages arguing that the Court should take judicial notice of EEOC paperwork it obtained by FOIA request, conflating the

argument that the Court should consider this paperwork with an implicit argument that considering this paperwork would mean that Plaintiff's claims are time-barred. Moreover, nothing presented to the Court by Defendant concerning the EEOC paperwork contradicts anything alleged by Plaintiff in the Amended Complaint. Plaintiff himself included the EEOC Charge and Notice of Right to Sue as Exhibits to the Amended Complaint. Plaintiff himself noted the statute of limitations issue on Page 2 of the Amended Complaint and specifically asserted that his Amended Complaint is timely filed. This argument about judicial notice is one of several red herrings inserted by Defendant to distract the Court from the issue of timeliness being raised by Defendant itself.

Plaintiff's Claims are not time-barred because the EEOC Charge was filed within 300 days of the final act of discrimination, namely the denial of Plaintiff's grievance on 30 March 2021. Whether the filing of the Charge was 01 September or 02 October 2021, both dates are within the 300-day limit. United Airline's assertion that Defendant's letter to Plaintiff of 10 September 2020 constitutes the operative date may be an Affirmative Defense to be asserted by Defendant at trial, but is wholly inappropriate for a Motion to Dismiss.

Defendant further asserts that the EEOC "already told Plaintiff [that] his claims are barred as he failed to timely assert his Charge," as though this were conclusive. (Doc. 21, p.1). Defendant also cites to the EEOC Right to Sue Letter to

3

this effect. (*Id.* at 2). This is, however, an argument in furtherance of a potential Affirmative Defense; which is not even to mention the fact that the EEOC did accept the Charge of 02 October 2021 as timely.

The EEOC's position on the statute of limitations is as binding on this Court as would be its position on the merits of Plaintiff's Charge. In other words, if the EEOC concluded that United Airlines did not engage in any discrimination toward Plaintiff, it would have absolutely no bearing on whether this matter could proceed in this Court, and it would be a matter for Defendant to argue to the jury, at best. Likewise, if the EEOC – which accepted the Charge of 02 October 2021 as timely – later concludes that the Charge was filed outside of the 300-day window in order to sidestep having to deal with the content of the Charge, this would be a matter to argue to the jury, at best. Again, this is a matter for Defendant to assert as an Affirmative Defense and is inappropriate for a Motion to Dismiss.

## II. Defendant Materially Misstates Plaintiff's Allegations in Order to Argue That the Amended Complaint Is Time-Barred.

Defendant makes two separate straw man arguments as to why Plaintiff's Amended Complaint is time-barred: "In an attempt to 'cure' his untimely filing of the Charge, Plaintiff makes two arguments: (1) that he filed a prior Charge; and (2) the grievance he filed through the Union essentially tolled the time to file his Charge." (Doc. 21, p.9). Plaintiff has never once made either of these arguments, which are erroneously imputed to Plaintiff by Defense Counsel.

### A. Defendant Makes a Straw Man Argument in Asserting the Issue of the 01 September 2021 EEOC Charge.

In addition to the various *ad hominem* attacks made against Plaintiff's Counsel throughout the Motion to Dismiss, Defendant employs a fallacious argument apparently intended to divert the attention of the Court from the very issue being asserted by Defendant. Specifically, Defendant spends a full page (Doc. 21, pp.2-3) impugning Counsel's character by reference to a Charge faxed to the EEOC on 01 September 2021, which is neither material to Plaintiff's Amended Complaint nor relevant to the Defendant's argument that Plaintiff's case is time-barred.

The circumstances of the 01 September 2021 Charge, though unimportant, are here recounted in response to the fallacious arguments of Defendant: A representative of the EEOC instructed Plaintiff's Counsel to fax a letter to the Tampa Division of the EEOC. Upon drafting a letter, Plaintiff's Counsel faxed it as instructed. See Exhibit A. Upon receipt of this letter, the EEOC determined that the case was for the Miami office, not Tampa, and further determined that the letter, which contained witness names, should not be added to the file, and that Plaintiff's Counsel should resubmit the Charge with the appropriate form. This was completed on 02 October 2021.

The filing of the Charge of 01 September 2021 has no bearing on whether Plaintiff's action was timely and was obviously noted in the Amended Complaint

5

as part of the procedural history of the case. All of this could have been explained to Defense Counsel without the necessity of resorting to character assassination, had Defense Counsel simply asked.

> **B. Defendant Makes a Straw Man Argument in Materially Misstating Plaintiff's Allegations Concerning the Grievance Procedure.**

Defendant erroneously states that "Plaintiff attempts to cure his untimely filing by alleging that his grievance tolled the limitations[.]" (Doc. 21, p.5). Defendant asserts this straw man argument a second time on Page 9 of the Motion to Dismiss.

Plaintiff has literally never claimed this in any Charge or filing or pleading whatsoever. Rather, Plaintiff has consistently stated that the 300-day clock began running on 30 March 2021, not on 10 September 2020. Though Defendant fails to state the law upon which it relies in making this straw man argument, Plaintiff is well aware that the grievance procedures do not toll the statute of limitations and has, therefore, never made this argument to begin with.

**III. Defendant Makes a Material Misstatement of Fact Concerning the Constitution of the Grievance Panel.**

In its "Background" section, Defendant erroneously claims that Plaintiff's "grievance was heard by a four-member panel of non-United Airlines employees." (Doc. 21, p.4). Defendant cites to Paragraph 46 of Plaintiff's Amended Complaint, which lists the four members of the panel. Defendant fails to note that the panels

are constituted by two members of the Union and two members of United Airlines. Both Chris Carrick and Mark McLean were, at all relevant times, United Airlines employees.

This misstatement of fact by Defendant is material. Plaintiff has alleged that the final date of discrimination by United Airlines was the denial of his grievance on 30 March 2021. This denial was not by "non-United Airlines employees," as United Airlines asserts in its Motion to Dismiss, but by a panel composed of two members of the Union and two employees of United Airlines. Plaintiff has stated quite clearly in his Amended Complaint that this was discriminatory, because the grievance of a similarly situated minority would not have been denied. See ¶¶ 49 *et seq*.

United Airlines' position is that its "termination letter" to Plaintiff constitutes the termination date and final act of discrimination. Plaintiff has argued that this was not a "termination" but rather the opening of negotiations. (Doc. 7, p.2, FN 1). Plaintiff was offered the option of resigning or retiring as an alternative to termination, an offer that remained open until his actual termination, which was effective 30 March 2021 upon the denial of his grievance.

## Conclusion

Plaintiff filed his EEOC charge within 300 days of the denial of his grievance by a grievance board that included United Airlines employees; which

denial occurred on 30 March 2021. Whether the EEOC Charge was filed on 01 September or 02 October 2021 is irrelevant: both dates are within 300 days of the denial of the grievance.

United Airlines contends that the termination date was not 30 March 2021 but was 10 September 2020, because the letter by United Airlines was titled "termination letter." This argument fails to consider that this was simply the opening of negotiations between Plaintiff and Defendant; that Plaintiff was given the option to "retire"; and that Plaintiff has specifically alleged that the denial of the grievance was the final date of discrimination, both in his EEOC Charge and in his Amended Complaint before this Court.

Moreover, even if Defendant's argument were not without merit, the argument is an Affirmative Defense to be pled in its Answer and proved at trial, not grounds for a Motion to Dismiss.

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss the Amended Complaint in its entirety and order Defendant to file an Answer to Plaintiff's Amended Complaint.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF which will serve those

parties capable of electronic service, including Amanda Simpson, Esq., Counsel for Defendant, at amanda.simpson@jacksonlewis.com.

Dated: 09 January 2023                                  Respectfully submitted,

/s/ Augustus Invictus_____
Augustus Invictus
424 E. Central Blvd. #731
Orlando, Florida 32801
Phone: 407.900.2848
Email: InvictusPA@protonmail.com

# Your fax to Equal Employment Opportunity Commission has succeeded

| | |
|---|---|
| From | FaxZero.com <support@faxzero.com> |
| To | The Law Office of Augustus Invictus, P.A.<InvictusPA@protonmail.com> |
| Date | Wednesday, September 1st, 2021 at 2:26 PMWednesday, September 1st, 2021 at 2:26 PM |

Dear Augustus Invictus Esq.,

Your fax to Equal Employment Opportunity Commission at 8132282841 has been sent successfully!
Successful delivery of your fax was confirmed at 2:26 PM Eastern Daylight Time on September 1st, 2021
Your fax included 1 page of coversheet with your text and 6 pages of attached documents.

Be sure to follow up with the recipient to make sure that the fax is legible and is delivered to the right person in the office.
To view or print the status of your fax, click here.
Thank you,
FaxZero.com

P.S. Check out https://www.FreePrintable.net: printable business cards,
certificates, timesheets, calendars, coloring pages, and more.

------------------------------------------------------------------------
If you want to RECEIVE faxes or send lots of pages
each month, try our friends at mFax. Just $10 a month.
http://faxzero.com/go/mFax
------------------------------------------------------------------------

(id#29759919)