UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MATTHEW DORY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 6:22-cv-01496-WWB-DCI<br>) |
| UNITED AIRLINES, | )<br>) |
| Defendant. | )<br>) |

### DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

Defendant moves this Court to stay discovery pending the resolution of Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice. (Doc. 21). Plaintiff's race (Caucasian), sex (male) and age discrimination claims are time barred because Plaintiff failed to timely file a Charge. Good cause exists to stay discovery as Defendant's Motion to Dismiss is likely to dispose of this action. A stay will avoid the parties incurring unnecessary expenses and will not prejudice Plaintiff as the discovery deadline is not until May 3, 2024. (Doc. 17). If discovery is not stayed, Defendant would be extremely prejudiced as Plaintiff, in response to Defendant's Motion to Dismiss and despite not yet serving any written discovery, demanded 12 depositions, with 7 in February 2023. Plaintiff should not be permitted to try to run up Defendant's time and fees on a time barred claim when the Motion to Dismiss is pending.

## MEMORANDUM OF LAW

A court may, for good cause, stay discovery to protect the parties from undue burden or expense.  FRCP 26(c); *L.C. v. Pinellas County Sch. Bd.*, 2019 U.S. Dist. LEXIS 23320, at *1 (M.D. Fla. 2019).  To determine whether a stay of discovery is appropriate, a trial court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *NCC Business Services v. Lemberg & Assocs., LLC*, 2013 U.S. Dist. LEXIS 138334, at *3-4 (M.D. Fla. 2013). The trial court must take a "preliminary peek" at the merits of the dispositive motion to assess the likelihood that it will be granted. *Id.*

Good cause exists to stay discovery as a preliminary peek at Defendant's Motion to Dismiss shows it has a strong likelihood of success and disposing of this entire case.  "[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).  As discussed in Defendant's Motion to Dismiss, Plaintiff's Title VII and ADEA claims are time-barred as Plaintiff failed to timely file his Charge and exhaust his administrative remedies, a fatal error.  (Doc. 21 at 8-11).

Despite not serving written discovery and the discovery deadline being ***May 3, 2024***, in response to Defendant's Motion to Dismiss, Plaintiff's counsel indicated he wants to take ***at least*** twelve depositions in this case, including seven in February 2023.  See **Exhibit A**. Good cause exists to stay discovery to avoid Plaintiff's ploy to force Defendant to incur unnecessary expenses related to a time barred claim.  A stay will conserve the parties' resources and promote judicial economy. Plaintiff will not be prejudiced by a brief stay as the discovery deadline is over a year away.

## CONCLUSION

WHEREFORE, Defendant requests this Court enter an order staying discovery until the resolution of Defendant's pending Motion to Dismiss; and ORDERING such further relief as the court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE

On January 20, 2023, Counsel for Defendant conferred with counsel for Plaintiff by phone regarding this Motion. Plaintiff objects to the relief requested.

DATED this 20th day of January, 2023.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8441<br><br>By: */s/ Amanda A. Simpson*<br>Amanda A. Simpson<br>Florida Bar No. 0072817<br>amanda.simpson@jacksonlewis.com<br><br>Vaughn G. S. Glinton, Jr.<br>Florida Bar No. 1002778<br>vaughn.glinton@jacksonlewis.com<br><br>Attorneys for Defendant |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Augustus Invictus, Esquire, The Invictus Law Firm, P.A., 442 E. Central Blvd., Suite 731, Orlando, FL 32801

*/s/ Amanda A. Simpson*
Attorney

# EXHIBIT "A"

| | |
|---|---|
| **From:** | The Invictus Law Firm, P.A. <InvictusPA@proton.me> |
| **Sent:** | Monday, January 9, 2023 5:04 PM |
| **To:** | Simpson, Amanda A. (Orlando); Glinton, Vaughn G.S., Jr. (Orlando) |
| **Cc:** | Wright, Kelly J. (Orlando); Herrera, Janet (Orlando); Rundell, Shelly (Orlando) |
| **Subject:** | Depositions: Dory v. United Airlines (6:22-cv-1496) |

**[EXTERNAL SENDER]**

Mrs. Simpson & Mr. Glinton,

Good afternoon. Now that the Opposition to the Motion to Dismiss is filed, we want to take the following depositions:

Scott Kirby
Jessica Kimbrough
Tim Jackson
Juan Esquival
Franklin Harris
Carlos Durand
Mike Blomquist

Please provide dates of availability for you and for these United Airlines employees in the weeks of 13 February and 20 February.

We will want to scheduled the depositions of Molly Driscoll, John Wertz, Chris Carrick, Mark McLean, Tommy Esposito (Teamsters, not United Airlines), *et al.*, at a later time.

I presume you will want to take Mr. Dory's deposition, so please let me know your proposed window of time in that regard.

Thank you.

Best Regards,

Augustus Invictus, Esq.
The Invictus Law Firm, P.A.
424 E. Central Blvd. #731
Orlando, Florida 32801
Email: InvictusPA@protonmail.com
Phone: 407.900.2848

This electronic communication is privileged and confidential. DO NOT read, copy, or disseminate this communication unless you are the intended addressee.

This email communication contains confidential and/or privileged information intended only for the addressee. Anyone who receives this email by error should treat it as confidential and is asked to reply by email: InvictusPA@protonmail.com.

This email transmission may not be secure and may be illegally intercepted. Do not forward or disseminate this email to any third party. Unauthorized interception of this email is a violation of federal law.

Sent with Proton Mail secure email.