UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATTHEW DORY,**

   **Plaintiff,**

v.                 Case No: 6:22-cv-1496-WWB-DCI

**UNITED AIRLINES,**

   **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion to Stay Discovery (Doc. 25)
>
> **FILED:** January 20, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant seeks to stay discovery until its motion to dismiss has been resolved. Doc. 25 (the Motion). Plaintiff has not responded to the Motion and the time to do so has passed. Accordingly, the Court deems the Motion unopposed. Local Rule 3.01(c).

The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. *See id.*; *see also Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (finding that a motion to compel was unopposed because the opposing party failed to timely respond to the motion). Thus, the Court finds that the Motion is due to be granted.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (internal quotation marks omitted).

Again, the Motion is unopposed. So, the Court takes as undisputed Defendant's assertions that the motion to dismiss has merit, the motion to dismiss is dispositive, and that Plaintiff will not be prejudiced by staying discovery pending the resolution of the motion to dismiss. Further, the Court notes that the discovery deadline is over a year away, so staying discovery at this juncture pending the resolution of the dispositive motion to dismiss is appropriate.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Motion (Doc. 25) is **GRANTED**.

**ORDERED** in Orlando, Florida on February 6, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE