**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW DORY,

        Plaintiff,

v.                                            Case No.: 6:22-cv-1496-WWB-DCI

UNITED AIRLINES,

        United.

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant United Airlines ("**United**") Motion to Dismiss. (Doc. 21). Plaintiff Matthew Dory ("**Plaintiff**") responded in opposition. (Doc. 24). With briefing complete, the matter is ripe. For the reasons set forth herein, United's Motion will be granted.

**I.    Background**

On September 10, 2020, Plaintiff received a letter notifying him that United had terminated his employment with the airline's operations at Orlando International Airport. (Doc. 7, ¶ 42). United stated in the letter the reason for Plaintiff's termination stemmed from "harassing and discriminatory text messages" that used racial slurs to refer to a coworker and his wife, which he had sent to a group chat of fellow employees. (*Id*., ¶¶ 30, 43). Plaintiff filed a grievance via the union six days after receiving his notice of termination, which a four-member board heard and ultimately denied on March 29, 2021. (*Id*., ¶¶ 44-47). The union declined to engage in arbitration on Plaintiff's behalf under the collective bargaining agreement the next day. (*Id*., ¶ 48). On October 2, 2021, Plaintiff

filed a discrimination charge against United with the Equal Employment Opportunity Commission ("EEOC"), which the agency denied as untimely. (Doc. 7-1 at 2).[1]

On August 23, 2022, Plaintiff filed an employment discrimination complaint, which the Court dismissed *sua sponte* as an impermissible shotgun pleading, offering him the opportunity to amend. (Doc. 6). He filed the Amended Complaint seven days later alleging United discriminated against him on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 2000e, as well as age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621. (Doc. 7, ¶¶ 73-117). United filed the instant motion to dismiss arguing that Plaintiff's lawsuit is time-barred because he failed to exhaust his administrative remedies. (Doc. 21).

II.   **Analysis**

Raising both statute of limitations and administrative exhaustion issues, United styles its motion as being brought entirely under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*) Being an affirmative defense, a statute of limitations issue may be raised in a motion to dismiss under Rule 12(b)(6) "when the complaint shows on its face that the limitation period has run." *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir.1982). But "motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b)." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008). Instead, failure to exhaust is considered "a matter of judicial administration." *Id.* Although the Eleventh Circuit has held that exhaustion issues may be raised in a motion to dismiss and decided at that stage of the litigation,

---

[1] Plaintiff's counsel claims to have filed the administrative charge on September 1, 2021 in the incorrect EEOC district office. (Doc. 7, p. 2 n.1; Doc. 24, pp. 3-4, 7).

2

consideration of the arguments regarding exhaustion are not subject to the same limitations as apply to Rule 12(b)(6) motions. *See id.* at 1375-76 (noting it is proper "to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record").

Both Title VII and the ADEA require plaintiffs to exhaust their administrative remedies by timely filing a charge of discrimination with the EEOC before filing suit. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Florida is a deferral state, so an administrative charge of discrimination is only timely when filed with the EEOC within 300 days of the last discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1). In cases involving unlawful termination, the 300-day period "is counted from the date the employee receives notice of termination." *See Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003). If the plaintiff does not submit a timely EEOC charge, he generally may not challenge the alleged discriminatory conduct in court. *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

Plaintiff acknowledges in the Amended Complaint that he received notice of termination on September 10, 2020. (Doc. 7, ¶ 42). He therefore needed to file an administrative charge of discrimination with the EEOC on or before July 7, 2021, in order to bring this lawsuit. It is apparent from the face of the complaint that he did not. (Doc. 7, p. 2 n.1; Doc. 7-1). Plaintiff provides no basis in law or fact that his 300-day window to file an administrative charge should instead be counted from the union's decision to decline

3

arbitration on March 30, 2021—and that the September 10, 2020 letter firing him only marked "the opening of negotiations" rather than notice of termination. (Doc. 24, pp. 3-4, 7). To the contrary, the pursuit of internal appeals or grievance procedures will not push back the date an employee is considered to have received notice of termination or toll the 300-day time limit to file an administrative charge. *See Stafford v. Muscogee Cty. Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982); *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980). Plaintiff's claims are therefore time-barred.

Alternatively, Plaintiff's claims are barred for failure to pursue administrative remedies as a consequence of filing a charge of discrimination with the EEOC after the 300-day deadline had passed. Having secured a copy through a Freedom of Information Act request, United attached the actual administrative charge that Plaintiff filed with the EEOC, in which he states—as he did in the Amended Complaint—that a United manager "issued his letter terminating Mr. Dory's employment" on September 10, 2020. (Doc. 21 at 27).[2] Regardless of whether Plaintiff filed the administrative charge in September or October 2021, more than a month had passed since his 300-day deadline. (Doc. 7, ¶ 42). As such, United's Motion to Dismiss will be granted as to all claims in the Amended Complaint, and this suit will be dismissed with prejudice.

## III.   Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. United's Motion to Dismiss (Doc. 21) is **GRANTED**.

2. The Amended Complaint (Doc. 7) is **DISMISSED with prejudice.**

3. The Clerk is directed to close the case.

---

[2] A district court may take judicial notice of public records. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

**DONE AND ORDERED** in Orlando, Florida on August 2, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record