## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Bryan Simpson United States Courthouse
300 North Hogan Street Suite 9-150
Jacksonville, Florida 32202
(904) 549-1900

Elizabeth M. Warren                                           Jim Leanhart
Clerk of Court                                    Jacksonville Division Manager

**DATE:**      September 6, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MATTHEW DORY,

      Plaintiff,

v.                                          Case No. 6:22-cv-1496-WWB-DCI

UNITED AIRLINES,

      Defendant.

_____

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Wendy W. Berger, United States District Judge appealed from.

- Appeal filing fee was paid.

- Notice of Appeal, judgment and/or Order appealed from.


ELIZABETH M. WARREN, CLERK

By:   s/BD, Deputy Clerk

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|                          |     |                                |
| ------------------------ | --- | ------------------------------ |
| **MATTHEW DORY,**        | )   |                                |
|                          | )   |                                |
| **Plaintiff,**           | )   |                                |
|                          | )   |                                |
| **vs.**                  | )   | **CASE NO. 6:22-cv-01496-WWB-DCI** |
|                          | )   |                                |
| **UNITED AIRLINES,**     | )   |                                |
|                          | )   |                                |
| **Defendant.**           | )   |                                |

<u>**NOTICE OF APPEAL**</u>

MATTHEW DORY, by and through his undersigned counsel, hereby files this Notice of Appeal to the Eleventh Circuit Court of Appeal the Order Granting Defendant's Motion to Dismiss entered by the United States District Court of 02 August 2023 (<u>Dkt. 27</u>).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF which will serve those parties capable of electronic service, including Amanda Simpson, Esq., Counsel for Defendant, at amanda.simpson@jacksonlewis.com.

SIGNATURE ON FOLLOWING PAGE

1

Dated: 05 September 2023                    Respectfully submitted,

                                            /s/ Augustus Invictus
                                            Augustus Invictus
                                            424 E. Central Blvd. #731
                                            Orlando, Florida 32801
                                            Phone: 407.900.2848
                                            Email: InvictusPA@protonmail.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW DORY,

              Plaintiff,

v.                                      Case No.: 6:22-cv-1496-WWB-DCI

UNITED AIRLINES,

              United.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant United Airlines ("**United**") Motion to Dismiss. (Doc. 21). Plaintiff Matthew Dory ("**Plaintiff**") responded in opposition. (Doc. 24). With briefing complete, the matter is ripe. For the reasons set forth herein, United's Motion will be granted.

## I.    Background

On September 10, 2020, Plaintiff received a letter notifying him that United had terminated his employment with the airline's operations at Orlando International Airport. (Doc. 7, ¶ 42). United stated in the letter the reason for Plaintiff's termination stemmed from "harassing and discriminatory text messages" that used racial slurs to refer to a coworker and his wife, which he had sent to a group chat of fellow employees. (*Id.*, ¶¶ 30, 43). Plaintiff filed a grievance via the union six days after receiving his notice of termination, which a four-member board heard and ultimately denied on March 29, 2021. (*Id.*, ¶¶ 44-47). The union declined to engage in arbitration on Plaintiff's behalf under the collective bargaining agreement the next day. (*Id.*, ¶ 48). On October 2, 2021, Plaintiff

filed a discrimination charge against United with the Equal Employment Opportunity Commission ("EEOC"), which the agency denied as untimely. (Doc. 7-1 at 2).[1]

On August 23, 2022, Plaintiff filed an employment discrimination complaint, which the Court dismissed *sua sponte* as an impermissible shotgun pleading, offering him the opportunity to amend. (Doc. 6). He filed the Amended Complaint seven days later alleging United discriminated against him on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 2000e, as well as age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621. (Doc. 7, ¶¶ 73-117). United filed the instant motion to dismiss arguing that Plaintiff's lawsuit is time-barred because he failed to exhaust his administrative remedies. (Doc. 21).

## II.    Analysis

Raising both statute of limitations and administrative exhaustion issues, United styles its motion as being brought entirely under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*) Being an affirmative defense, a statute of limitations issue may be raised in a motion to dismiss under Rule 12(b)(6) "when the complaint shows on its face that the limitation period has run." *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir.1982). But "motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b)." *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008). Instead, failure to exhaust is considered "a matter of judicial administration." *Id.* Although the Eleventh Circuit has held that exhaustion issues may be raised in a motion to dismiss and decided at that stage of the litigation,

---

[1] Plaintiff's counsel claims to have filed the administrative charge on September 1, 2021 in the incorrect EEOC district office. (Doc. 7, p. 2 n.1; Doc. 24, pp. 3-4, 7).

consideration of the arguments regarding exhaustion are not subject to the same limitations as apply to Rule 12(b)(6) motions. *See id.* at 1375-76 (noting it is proper "to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record").

Both Title VII and the ADEA require plaintiffs to exhaust their administrative remedies by timely filing a charge of discrimination with the EEOC before filing suit. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Florida is a deferral state, so an administrative charge of discrimination is only timely when filed with the EEOC within 300 days of the last discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1). In cases involving unlawful termination, the 300-day period "is counted from the date the employee receives notice of termination." *See Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003). If the plaintiff does not submit a timely EEOC charge, he generally may not challenge the alleged discriminatory conduct in court. *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

Plaintiff acknowledges in the Amended Complaint that he received notice of termination on September 10, 2020. (Doc. 7, ¶ 42). He therefore needed to file an administrative charge of discrimination with the EEOC on or before July 7, 2021, in order to bring this lawsuit. It is apparent from the face of the complaint that he did not. (Doc. 7, p. 2 n.1; Doc. 7-1). Plaintiff provides no basis in law or fact that his 300-day window to file an administrative charge should instead be counted from the union's decision to decline

arbitration on March 30, 2021—and that the September 10, 2020 letter firing him only marked "the opening of negotiations" rather than notice of termination. (Doc. 24, pp. 3-4, 7). To the contrary, the pursuit of internal appeals or grievance procedures will not push back the date an employee is considered to have received notice of termination or toll the 300-day time limit to file an administrative charge. *See Stafford v. Muscogee Cty. Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982); *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980). Plaintiff's claims are therefore time-barred.

Alternatively, Plaintiff's claims are barred for failure to pursue administrative remedies as a consequence of filing a charge of discrimination with the EEOC after the 300-day deadline had passed. Having secured a copy through a Freedom of Information Act request, United attached the actual administrative charge that Plaintiff filed with the EEOC, in which he states—as he did in the Amended Complaint—that a United manager "issued his letter terminating Mr. Dory's employment" on September 10, 2020. (Doc. 21 at 27).[2] Regardless of whether Plaintiff filed the administrative charge in September or October 2021, more than a month had passed since his 300-day deadline. (Doc. 7, ¶ 42). As such, United's Motion to Dismiss will be granted as to all claims in the Amended Complaint, and this suit will be dismissed with prejudice.

## III.    Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  United's Motion to Dismiss (Doc. 21) is **GRANTED**.

2.  The Amended Complaint (Doc. 7) is **DISMISSED with prejudice.**

3.  The Clerk is directed to close the case.

---

[2] A district court may take judicial notice of public records. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

**DONE AND ORDERED** in Orlando, Florida on August 2, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

APPEAL, CLOSED

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:22-cv-01496-WWB-DCI

| | |
|---|---|
| Dory v. United Airlines | Date Filed: 08/23/2022 |
| Assigned to: Judge Wendy W. Berger | Date Terminated: 08/02/2023 |
| Referred to: Magistrate Judge Daniel C. Irick | Jury Demand: Plaintiff |
| Demand: $100,000 | Nature of Suit: 442 Civil Rights: Jobs |
| Cause: 28:1343 Violation of Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Matthew Dory**                        represented by   **Augustus Sol Invictus**
                                                          The Invictus Law Firm, P.A.
                                                          424 E. Central Blvd.
                                                          #731
                                                          Orlando, FL 32801
                                                          407-900-2848
                                                          Email: InvictusPA@protonmail.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United Airlines**                     represented by   **Amanda A. Simpson**
                                                          Jackson Lewis, PC
                                                          390 N Orange Ave, Ste 1285
                                                          Orlando, FL 32801
                                                          407-246-8408
                                                          Fax: 407-246-8441
                                                          Email:
                                                          amanda.simpson@jacksonlewis.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Vaughn Gregory Sidney Glinton**
                                                          Jackson Lewis P.C.
                                                          390 N. Orange Avenue
                                                          Suite 1285
                                                          Orlando, FL 32801
                                                          407-246-8458
                                                          Email: vaughn.glinton@jacksonlewis.com
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 09/05/2023 | 28 | ☐ | NOTICE OF APPEAL as to 27 Order on Motion to Dismiss by Matthew Dory. Filing fee $ 505, receipt number AFLMDC-21215267. (Invictus, Augustus) (Entered: 09/05/2023) |
| 08/02/2023 | 27 | ☐ | **ORDER: United's Motion to Dismiss 21 is GRANTED. The Amended Complaint 7 is DISMISSED with prejudice. The Clerk is directed to close the case. Signed by Judge Wendy W. Berger on 8/2/2023. (RMF)** (Entered: 08/02/2023) |
| 02/06/2023 | 26 | ☐ | **ORDER granting 25 Motion to Stay Discovery. Signed by Magistrate Judge Daniel C. Irick on 2/6/2023. (TNP)** (Entered: 02/06/2023) |
| 01/20/2023 | 25 | ☐ | MOTION to Stay Discovery *Pending Resolution of Motion to Dismiss* by United Airlines. (Simpson, Amanda) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 01/20/2023) |
| 01/09/2023 | 24 | ☐ | RESPONSE in Opposition re 21 MOTION to Dismiss Plaintiff's Amended Complaint (Doc. 7), with Prejudice, and Incorporated Memorandum of Law filed by Matthew Dory. (Invictus, Augustus) (Entered: 01/09/2023) |
| 12/27/2022 | 23 | | **ENDORSED ORDER granting 22 Unopposed Motion for Extension of Time to File Response to 21 Motion to Dismiss. Response due by 1/9/2023. Signed by Magistrate Judge Daniel C. Irick on 12/27/2022. (Irick, Daniel)** (Entered: 12/27/2022) |
| 12/27/2022 | 22 | ☐ | MOTION for Extension of Time to File Response/Reply as to 21 MOTION to Dismiss Plaintiff's Amended Complaint (Doc. 7), with Prejudice, and Incorporated Memorandum of Law by Matthew Dory. (Invictus, Augustus) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 12/27/2022) |
| 12/07/2022 | 21 | ☐ | MOTION to Dismiss Plaintiff's Amended Complaint (Doc. 7), with Prejudice, and Incorporated Memorandum of Law by United Airlines. (Glinton, Vaughn) (Entered: 12/07/2022) |
| 12/06/2022 | 20 | ☐ | NOTICE OF SELECTION of Carlos Burruezo as mediator by United Airlines. (Glinton, Vaughn) (Entered: 12/06/2022) |
| 11/22/2022 | 19 | | CASE REFERRED to Mediation. (LDJ) (Entered: 11/23/2022) |
| 11/22/2022 | 18 | ☐ | **ORDER: the parties are directed to confer, and then advise the Court, on the selection of a mediator, on or before December 6, 2022. Signed by Judge Wendy W. Berger on 11/22/2022. (RMF)** (Entered: 11/22/2022) |
| 11/22/2022 | 17 | ☐ | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 12/12/2022 Joinder of Parties due by 12/12/2022 Discovery due by 5/3/2024 Dispositive motions due by 6/4/2024 Pretrial statement due by 10/7/2024 All other motions due by 9/4/2024 Plaintiff disclosure of expert report due by 7/21/2023 Defendant disclosure of expert report due by 9/20/2023 Trial Status Conference set for 10/8/2024 at 10:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger Jury Trial set for the November 2024 trial term commencing on 11/4/2024 at 09:00 AM in Orlando Courtroom 3 B** |

| | | | |
|---|---|---|---|
| | | | before Judge Wendy W. Berger. **Conduct mediation hearing by 5/17/2024. Lead counsel to coordinate dates. Signed by Judge Wendy W. Berger on 11/22/2022. (RMF)** (Entered: 11/22/2022) |
| 11/16/2022 | 16 | ☐ | CASE MANAGEMENT REPORT. (Simpson, Amanda) (Entered: 11/16/2022) |
| 11/16/2022 | 15 | ☐ | CERTIFICATE of interested persons and corporate disclosure statement by Matthew Dory. (Invictus, Augustus) (Entered: 11/16/2022) |
| 11/07/2022 | | | Reset deadlines: for United Airlines. Response to Amended Complaint due 12/8/2022. (KNC) (Entered: 11/07/2022) |
| 11/07/2022 | 14 | | **ENDORSED ORDER granting 13 Unopposed Motion for Extension of Time. Defendant must respond to the Amended Complaint by 12/8/2022. Signed by Magistrate Judge Daniel C. Irick on 11/7/2022. (Irick, Daniel)** (Entered: 11/07/2022) |
| 11/07/2022 | 13 | ☐ | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 Amended Complaint *and Incorporated Memorandum of Law* by United Airlines. (Simpson, Amanda) Motions referred to Magistrate Judge Daniel C. Irick. (Entered: 11/07/2022) |
| 10/28/2022 | 12 | ☐ | NOTICE of Appearance by Amanda A. Simpson on behalf of United Airlines (Simpson, Amanda) (Entered: 10/28/2022) |
| 10/28/2022 | 11 | ☐ | NOTICE of a related action per Local Rule 1.07(c) by United Airlines. Related case(s): No (Glinton, Vaughn) (Entered: 10/28/2022) |
| 10/28/2022 | 10 | ☐ | CERTIFICATE of interested persons and corporate disclosure statement by United Airlines identifying Corporate Parent United Airlines Holdings, Inc. for United Airlines. (Glinton, Vaughn) (Entered: 10/28/2022) |
| 10/14/2022 | 9 | ☐ | SUMMONS issued as to United Airlines. (KNC) (Entered: 10/14/2022) |
| 10/13/2022 | 8 | ☐ | PROPOSED summons to be issued by Matthew Dory. (Invictus, Augustus) (Entered: 10/13/2022) |
| 09/08/2022 | 7 | ☐ | AMENDED COMPLAINT against United Airlines with Jury Demand. filed by Matthew Dory. (Attachments: # 1 Exhibit)(Invictus, Augustus) (Entered: 09/08/2022) |
| 09/02/2022 | | | Set deadlines: Amended Complaint due by 9/8/2022 (KNC) (Entered: 09/02/2022) |
| 09/01/2022 | 6 | ☐ | **ORDER: The Complaint 1 is DISMISSED without prejudice. Plaintiff may file an amended complaint on or before September 8, 2022, to correct the deficiencies noted herein. Failure to timely file an amended pleading in compliance with this Order may result in dismissal without further notice. Signed by Judge Wendy W. Berger on 9/1/2022. (RMF)** (Entered: 09/01/2022) |
| 08/29/2022 | 5 | ☐ | **STANDING ORDER ON DISCOVERY MOTIONS. Signed by Magistrate Judge Daniel C. Irick on 1/2/2020. (TNP)** (Entered: 08/29/2022) |

| 08/24/2022 | 4 | | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 08/24/2022) |
|---|---|---|---|
| 08/24/2022 | 3 | | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective February 1, 2021 and can be found on the Court's public website https://www.flmd.uscourts.gov/local-rules. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 8/24/2022. (RMF)** (Entered: 08/24/2022) |
| 08/23/2022 | 2 | | NEW CASE ASSIGNED to Judge Wendy W. Berger and Magistrate Judge Daniel C. Irick. New case number: 6:22-cv-1496-WWB-DCI. (SJB) (Entered: 08/23/2022) |
| 08/23/2022 | 1 | ☐ | COMPLAINT against Matthew Dory with Jury Demand (Filing fee $402 receipt number AFLMDC-19916445) filed by Matthew Dory. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(Invictus, Augustus) (Entered: 08/23/2022) |

View Selected

or

Download Selected